**IN THE UNITED STATES DISTRICT COURT**

**FOR THE DISTRICT OF KANSAS**

| | | |
|---|---|---|
| DORRIS A. RIGGS, | ) | |
| | ) | |
| Plaintiff, | ) | **CIVIL ACTION** |
| | ) | |
| v. | ) | No.  04-1306-MLB |
| | ) | |
| AIRTRAN AIRWAYS INC., | ) | |
| | ) | |
| Defendant. | ) | |

**MEMORANDUM AND ORDER**

Plaintiff has filed a complaint against defendant AirTran Airways Inc. (AirTran) alleging a violation of the Age Discrimination in Employment Act (ADEA), tortious interference of contractual relations and intentional infliction of emotional distress. (Doc. 16.)  AirTran filed a motion to dismiss all counts. (Doc. 20.)  Plaintiff responded by voluntarily dismissing the claim for tortious interference of contractual relations. (Doc. 23.)  AirTran replied by conceding that plaintiff's submissions pertaining to the ADEA claim warrants a denial of dismissal as to that count. (Doc. 24.)  Therefore, the remaining issue before the court is whether plaintiff has stated a valid claim for intentional infliction of emotional distress.

**I.  MOTION TO DISMISS STANDARDS: FRCP 12(B)(6)**

The standards this court must utilize upon a motion to dismiss are well known.  This court will dismiss a cause of action for a failure to state a claim only when it appears beyond a doubt that the plaintiff can prove no set of facts that would entitle legal relief or when an issue of law is dispositive.  See Ford v. West, 222 F.3d 767, 771 (10th Cir. 2000); Robinson v. Kansas, 117 F. Supp.2d 1124,

1129 (D. Kan. 2000). All well-pleaded facts and the reasonable inferences derived from those facts are viewed in the light most favorable to plaintiff. See Ford, 222 F.3d at 771; Davis v. United Student Aid Funds, Inc., 45 F. Supp.2d 1104, 1106 (D. Kan. 1998). Conclusory allegations, however, have no bearing upon this court's consideration. See Hall v. Bellmon, 935 F.2d 1106, 1110 (10th Cir. 1991) (stating that "conclusory allegations without supporting factual averments are insufficient to state a claim on which relief can be based"); Overton v. United States, 74 F. Supp. 2d 1034, 1041 (D. N.M. 1999) (citing Dunn v. White, 880 F.2d 1188, 1190 (10th Cir. 1989)). In the end, the issue is not whether plaintiff will ultimately prevail, but whether he is entitled to offer evidence to support his claims. See Robinson, 117 F. Supp.2d at 1129.

**II.  FACTS**

Plaintiff was employed by AirTran for approximately one and one half years. Plaintiff was the oldest employee at the facility and this fact was cited often. Additionally, plaintiff was chastised in the presence of customers and employees. Often, plaintiff's supervisor would remark "you can't lift the luggage, so I will take it." (Doc. 16 ¶ 7.)

Plaintiff was terminated on June 19, 2003, after an allegation that she impersonated a supervisor. Plaintiff denies that allegation and maintains that she did not impersonate a supervisor since she was not working on the day of the alleged impersonation. As a result of defendant's actions, plaintiff has developed Major Depressive Disorder.

**III. ANALYSIS**

In order to recover on a claim for emotional distress, plaintiff must prove: (1) intentional conduct; (2) the conduct must be extreme and outrageous; (3) a causal connection between defendant's conduct and plaintiff's mental distress; and (4) plaintiff's mental distress must be extreme and severe. Moore v. State Bank of Burden, 240 Kan. 382, 388, 729 P.2d 1205 (1986), cert. denied, 482 U.S. 906 (1987). "The threshold inquiries for the tort of outrage are whether (1) the defendant's conduct may reasonably be regarded as so extreme and outrageous as to permit recovery and (2) the emotional distress suffered by the plaintiff is so extreme the law must intervene because no reasonable person would be expected to endure it." Bolden v. PRC Inc., 43 F.3d 545, 553 (10th Cir. 1994). Conduct is sufficient to satisfy this test when it is so outrageous and extreme in degree "as to go beyond the bounds of decency and to be regarded as atrocious and utterly intolerable in a civilized society." Fusaro v. First Family Mortgage Corp., 257 Kan. 794, 805, 897 P.2d 123 (1995). Kansas courts have repeatedly stated that liability may be found when "the recitation of the facts to an average citizen would arouse resentment against the actor and lead that citizen to spontaneously exclaim, 'Outrageous!'" Id.

Plaintiff asserts that her termination in violation of the ADEA is outrageous. (Doc. 22 at 7.) "The Kansas courts have been reluctant to extend the outrage cause of action to discrimination and harassment claims" and have only done so in those instances when the actions by the employer have met the heightened standard. Bolden, 43 F.3d at 553; see also Laughinghouse v. Risser, 754 F. Supp. 836, 843 (D. Kan 1990)(collecting cases). Plaintiff's assertions that the law

-3-

requires a finding of outrageousness when the ADEA is violated is unpersuasive. Contrary to plaintiff's position, the Supreme Court did not state that willful terminations in violation of the ADEA are outrageous, but rather "[o]nce a 'willful' violation has been shown, the employee need not additionally demonstrate that the employer's conduct was outrageous." Hazen Paper Co. v. Biggins, 507 U.S. 604, 617, 113 S.Ct. 1701, 1710 (1993). This signifies that a willful violation is not per se outrageous.

Moreover, plaintiff's argument that ADEA cases should be viewed in a different light than Title VII cases since Congress has "exhibited a heightened concern for age discrimination" and "society has applied a different standard to age discrimination case [sic]" is not persuasive in light of the Supreme Court's decision last month. (Doc. 22 at 7.) The Supreme Court concluded that "intentional discrimination on the basis of age has not occurred at the same levels as discrimination against those protected by Title VII." Smith v. City of Jackson, Miss., No. 03-1160, -- U.S. --, 125 S.Ct. 1536, (Mar. 30, 2005). Moreover, Title VII's language was expanded in 1991 by amendment, but the ADEA language remained constricted. Id. "Unlike Title VII, however, § 4(f)(1) of the ADEA, 81 Stat. 603, contains language that significantly narrows its coverage by permitting any 'otherwise prohibited' action 'where the differentiation is based on reasonable factors other than age.'" Id. Contrary to plaintiff's assertions, the plain language of the ADEA and the Supreme Court's decisions to consistently treat the statutes similarly, even though the ADEA has a narrower scope, support the conclusion that Title VII cases, in which the courts declined to automatically extend

discrimination cases into a cause of action for outrage, should be applicable in the ADEA context.

Plaintiff asserts that Grandchamp v. United Air Lines, Inc., 854 F.2d 381 (10th Cir. 1988), stands for the proposition that a jury could find outrageous a defendant who has acted with a pattern and practice of age discrimination. Plaintiff quotes from a statement made by the trial court when it denied United's motion for summary judgment: "If a jury were to conclude that the defendant's entire management reorganization was a mere scam to hide its efforts to dismiss older employees who had been with the company for years, a reasonably person could find 'outrageous conduct.'" Grandchamp, 854 F.2d at 383-84. The district court reiterated this rationale when it denied United's motion for directed verdict. The Tenth Circuit reversed, holding that a verdict should have been directed for United. Thus, the statement relied upon by plaintiff is not a holding by the Tenth Circuit that allegations of pattern and practice discrimination support a claim of outrageous conduct under state law.

Grandchamp, in fact, clarified that a willful violation of the ADEA does not require outrageous conduct. 854 F.2d at FN 8.

> In essence, this court has already held that an ADEA claim for willful age discrimination does not require outrageous conduct. In Cooper v. Asplundh Tree Expert Co., 836 F.2d 1544 (10th Cir.1988), we rejected the Third Circuit's conclusion that a willful violation of the ADEA must be "outrageous." See Dreyer v. Arco Chemical Co., 801 F.2d 651 (3d Cir.1986), cert. denied, 480 U.S. 906, 107 S.Ct. 1348, 94 L.Ed.2d 519 (1987). Thus, in age discrimination cases, there is, theoretically, an (sic) hierarchy of damages. First, if an employer discriminates against an employee on the basis of age, he is liable for damages. If that discrimination is "willful," the employer must pay liquidated damages. See Cooper, 836 F.2d at 1548. If the manner of discrimination is outrageous, the employer

-5-

is liable for the employee's emotional distress.

<u>Id.</u> (applying Colorado law, which applies the same standard that is required under Kansas law). The Tenth Circuit further discussed that United's conduct was wrong and in violation of federal law; however, if the plaintiffs "were allowed to recover under a theory of outrageous conduct for United's actions here, then every discrimination claim - based on age, race, national origin, or sex - would also state a claim for outrageous conduct." <u>Id.</u> at 385. Clearly that is not the intention of the Kansas Supreme Court. <u>See</u> <u>Roberts v. Saylor</u>, 230 Kan. 289, 637 P.2d 1175 (1981). Finally, plaintiff's claim that "defendant has engaged in a pattern and practice of hiring younger workers and excluding those who are protected under the ADEA" is largely conclusory. (Doc. 16 ¶ 14.)

Accordingly, ADEA claims do not automatically rise to the level of outrage unless the employer's actions meet the threshold test for outrage. <u>See</u> <u>Laughinghouse</u>, 754 F. Supp. at 843 ("this court has always been reluctant to extend the tort of outrage into the employment setting.")

Even when viewed in her favor, the court cannot find that the facts recounted by plaintiff are atrocious and utterly intolerable. Plaintiff has alleged that her age is frequently a topic of conversation and she is openly chastised; however, plaintiff has only given one specific example of her supervisor stating that she is unable to lift luggage. Plaintiff failed to cite any additional actions by defendant in her response and simply asserted that being

fired in violation of the ADEA was sufficient to maintain her claim. As previously discussed, a violation of the ADEA is not per se outrageous.  Plaintiff must point to facts that meet the test for outrage.  Kansas courts have set a "very high standard" and plaintiff has failed to meet the threshold test.[1] <u>Briggs v. Aldi, Inc.</u>, 218 F. Supp. 2d 1260, 1263 (D. Kan. 2002).

Therefore, defendant's motion to dismiss is GRANTED in part and DENIED in part.  Plaintiff's claim for intentional infliction of emotional distress is dismissed, with prejudice.

IT IS SO ORDERED.

Dated this  15th   day of April 2005, at Wichita, Kansas.

s/ Monti Belot<br>
Monti L. Belot<br>
UNITED STATES DISTRICT JUDGE

---

[1] Kansas courts have repeatedly denied claims based on emotional distress in cases where insulting remarks were made by a doctor to a patient being prepared for surgery, defendant threatened plaintiff's husband with a pitchfork, and a collection attorney calling one of his client's debtors a "bastard, nigger, and knot-headed boy." <u>Roberts</u>, 230 Kan. at 292-293 (collecting cases).

-7-